**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                        No. 4:13CR00158 JLH

MARTHA ANN SHOFFNER                                                                   DEFENDANT

**ORDER**

On June 5, 2013, the grand jury issued a superseding indictment charging Martha Ann Shoffner with seven counts of knowingly obstructing, delaying, and affecting commerce by extortion as those terms are defined in 18 U.S.C. § 1951. Those counts alleged that Shoffner, while Treasurer of the State of Arkansas, knowing that payments were made in return for official acts, engaged in a course of conduct whereby she obtained payments to which she was not due from a person who was doing business with the State of Arkansas, all in violation of 18 U.S.C. § 1951(a). The superseding indictment also charged seven counts of bribery in violation of 18 U.S.C. § 666(a)(1)(B). On July 9, 2013, the Court granted Shoffner's motion for continuance and scheduled trial to begin on March 3, 2014.

On February 6, 2014, the grand jury issued a second superseding indictment. The fourteen counts from the superseding indictment were realleged, and then ten counts were added charging that Shoffner committed mail fraud in violation of 18 U.S.C. § 1314. Those counts allege that Shoffner obtained contributions for her reelection to the office of Treasurer of the State of Arkansas under the false pretense that all such funds would be used for campaign expenses in accordance with Arkansas law, whereas some of those funds were used to pay personal expenses.

Shoffner moved to sever the ten counts of mail fraud on the grounds that adding those counts to her was unduly prejudicial and would deprive her of a fair trial. The United States disagrees,

contending that those counts are properly joined under Rule 8 of the Federal Rules of Criminal Procedure and that any prejudice to Shoffner can be remedied by Shoffner seeking a continuance.

Apart from the issues of whether the ten mail fraud counts are properly joined with the original counts under Rule 8(a) of the Federal Rules of Criminal Procedure, if the joinder of those offenses appears to prejudice Shoffner, the Court may order separate trials under Rule 14(a) of the Federal Rules of Criminal Procedure.  Here, requiring Shoffner to go to trial on the ten counts of mail fraud on March 3 would certainly prejudice her inasmuch as she has not had an opportunity to prepare to defend against those charges.  Contrary to the government's argument, Shoffner is not required to give up her right to a speedy trial on the fourteen counts previously charged in order to avoid being forced to trial without time to prepare against new charges.

The motion to sever is therefore GRANTED.  Document #34.  This case will proceed to trial on March 3, 2014, on the first fourteen counts of the superseding indictment.  The ten counts charging mail fraud will be tried separately at a later date.

IT IS SO ORDERED this 14th day of February, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE