## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                              No. 4:13CR00158 JLH

MARTHA ANN SHOFFNER                                            DEFENDANT

### ORDER

This case will go to trial on March 3, 2014, on Counts 1 through 14 of the second superseding indictment. Seven of those counts charge extortion and seven charge bribery, all involving payments to Shoffner from a broker who was doing business with the State of Arkansas while Shoffner was the state treasurer. The United States has filed a notice of intent to present certain evidence as intrinsic to crimes charged in Counts 1 through 14 of the second superseding indictment, or in the alternative, to present that evidence under Rule 404(b) of the Federal Rules of Evidence. Shoffner has responded by filing a motion *in limine* to exclude all of the evidence that is the subject of the United States' notice of intent.

The United States first states that it intends to present evidence of the following acts by Shoffner:

(1)     On or about September 24, 2009, at a campaign kickoff event, Shoffner kept approximately $10,000 in cash, which included a $2,000 cash campaign donation from the broker referenced in Counts 1 through 14. Shoffner failed to report the receipt of the cash as either a campaign donation or as a gift and failed to deposit it into her campaign account.

(2)     On or about November 2, 2010, at an election watch party, Shoffner took approximately $4,000 in cash from the same broker under the pretense that the cash

would be used to pay for the event, but Shoffner kept the cash and wrote a check from her campaign account for the event. Shoffner failed to report the receipt of the cash as either a campaign donation or as a gift and failed to deposit it into her campaign account.

(3)     Throughout the relevant time period, Shoffner received gifts, including, but not limited to gift cards and the glasses Shoffner wore to a legislative audit hearing, from the broker discussed in Counts 1 through 14. Shoffner failed to report these gifts.

(4)     On or about April 24, 2012, the broker provided Shoffner with a cellular telephone ("drop phone") and cellular telephone minutes to avoid interception or detection of their communications, including communications regarding Counts 1 through 14.

Document #44 at 1-2.

The initial issue is whether this evidence is intrinsic to the crimes charged. "'Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime.'" *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013) (quoting *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010)). In a recent bribery case, the Eighth Circuit held that evidence of uncharged bribery activity was intrinsic to the charged crimes and therefore admissible even though the government failed to give the defendant pretrial notice of its intent to use this evidence. *United States v. Big Eagle*, 702 F.3d 1125, 1131 (8th Cir. 2013); *see also United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (holding that evidence of other kickbacks from the persons to whom the defendant had directed fraudulent treasury warrants charged in the indictment "was an inextricable part of the government's case" and therefore intrinsic to the crimes charged). This case is similar to

*Big Eagle* and *Johnson*.  The evidence described in the four numbered paragraphs above provides a complete picture of Shoffner's relationship with the broker and provides the context within which the charged crimes occurred, which means that it is intrinsic evidence.  That evidence is relevant and its relevance is not substantially outweighed by the danger of unfair prejudice.  Thus, the evidence described in the four numbered paragraphs is admissible at trial.

The United States makes the same argument with respect to the evidence pertaining to Counts 15 through 24.  Those counts charge mail fraud, alleging that Shoffner obtained campaign funds under the false pretense that the funds would be used for campaigning rather than for her personal expenses.  Contrary to the government's argument, the evidence relating to Counts 15 through 24 is not intrinsic to the crimes that will be the subject of the March 3 trial.  The crimes that will be the subject of the March 3 trial allege that Shoffner extorted and received bribes from a particular broker, whereas the crimes charged in Counts 15 through 24 have no apparent connection to that broker nor to any extortion or bribery.  The evidence pertaining to those crimes does not complete the story or give a total picture of the crimes in Counts 1 through 14.  Consequently, the evidence pertaining to Counts 15 through 24 would be admissible only pursuant to Rule 404(b) of the Federal Rules of Evidence.

Rule 404(b) provides that in a criminal case evidence of other crimes or wrongful acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b)(1).  The rule also provides, however, that the prosecutor must provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial.  Fed. R. Evid. 404(b)(2)(A).  Factors to consider in determining whether notice is reasonable include when the government could have learned of the evidence through timely preparation for trial, prejudice to the defendant from lack of time to prepare, and the

significance of the evidence to the government's case. *United States v. Lindsey*, 702 F.3d 1092, 1097 (8th Cir. 2013). As to the first factor, the government informed the Court during the telephone hearing on February 14, 2014, that it has known of the use of campaign funds for personal expenses for months and has intended to present this evidence pursuant to Rule 404(b). As to the second factor, the Court has already held that Shoffner would be prejudiced if she were required to go to trial on these ten new counts on March 3 because she has not had time to prepare a defense to those charges. As to the third factor, little has been presented to show the significance of this evidence to the government's case. In light of the number of counts and the complexity of this case, the fact that the government has planned for months to use evidence of these ten counts of mail fraud, and the fact that notice was given so near the trial date that Shoffner lacks sufficient time to prepare to defend against that evidence, the government has failed to provide reasonable notice as required by Rule 404(b). Evidence of the mail fraud alleged in Counts 15 through 24 therefore is excluded from the trial that will commence on March 3, 2014.

## CONCLUSION

For the reasons stated, Shoffner's motion to exclude evidence at the March 3, 2014 trial is granted in part and denied in part. Document #45. Evidence that Shoffner received cash, gifts, and a cellular telephone from the broker who is the subject of the extortion and bribery alleged in Counts 1 through 14 will be admitted. Evidence of the mail fraud alleged in Counts 15 through 24 is excluded.

IT IS SO ORDERED this 19th day of February, 2014.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE