**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                             No. 4:13CR00158 JLH

MARTHA ANN SHOFFNER                                                                            DEFENDANT

**ORDER**

Martha Ann Shoffner has moved to dismiss Counts 1 through 14 of the second superseding indictment on the grounds that the Court lacks federal subject matter jurisdiction and that the indictment fails to state an offense. The Eighth Circuit has held that a district court has subject matter jurisdiction whenever a grand jury charges a defendant with offenses against the laws of the United States. *United States v. Foster*, 443 F.3d 978, 981 (8th Cir. 2006). That the defendant challenges the application and adequacy of proof of the interstate commerce element of the Hobbs Act does not extinguish federal jurisdiction. *Id.* Here, the grand jury charges Shoffner with offenses against the laws of the United States, so this Court has subject matter jurisdiction. The fact that Shoffner challenges the application and adequacy of proof of the interstate commerce element of the Hobbs Act does not extinguish federal jurisdiction.

An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables the defendant to plead an acquittal or conviction as a bar to future prosecutions of the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907, 41 L. Ed. 2d 590 (1974). An indictment is generally sufficient if it states the offense and the words of the statute itself, so long as it unambiguously states the elements of the offense. *Id.* Here, the indictment includes the elements of each of the offenses charged and states approximately when each offense allegedly was committed. It contains the elements of the

offenses charged and fairly informs Shoffner of the charges against which she must defend. Furthermore, the indictment contains sufficient specificity for her to plead an acquittal or conviction as a bar to future prosecutions for the same offense. The indictment is therefore sufficient.

Shoffner's arguments with respect to the interstate commerce connection under the Hobbs Act go to the sufficiency of the evidence, not to whether the indictment is sufficient. Although the United States has responded by describing the evidence that it intends to present at trial to prove the interstate commerce connection, and although Shoffner contends that that evidence will be insufficient, no rule of criminal procedure permits the Court to rule on the sufficiency of evidence before trial. Federal Rule of Civil Procedure 56 permits the Court in civil cases to rule before trial on the question of whether the party with the burden of proof has evidence sufficient to establish a necessary element in the case. The Federal Rules of Criminal Procedure, however, contain no comparable provision. The Court will rule on Shoffner's arguments regarding the sufficiency of the evidence at the proper time, but that time has not yet come.

Shoffner also argues that Counts 8 through 14 of the second superseding indictment are not sufficient because they do not identify the federal program from which the funds at issue were obtained. She does not, however, cite any cases holding that an indictment charging an offense under 18 U.S.C. § 666 must specify the federal program in which benefits were received. As noted, the indictment fairly informs Shoffner of the charges against which she must defend and contains sufficient specificity to allow her to plead an acquittal or conviction as a bar to future prosecutions for the same offense, which is all that is required.

For these reasons, Martha Ann Shoffner's motion to dismiss the indictment for lack of federal subject matter jurisdiction and failure to state an offense is denied. Document #48.

IT IS SO ORDERED this 27th day of February, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE